PER CURIAM:
This is a consolidated appeal by Southern Discount Company of Georgia (Southern Discount) from orders, entered by the bankruptcy court and affirmed by the district court, granting summary judgment in favor of the appellees in each case. Both courts held that Southern Discount’s loan contracts with the Whitleys and the Samp-sons (the borrowers) violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq. (Regulation Z). Agreeing with the district court’s disposition in both cases, we affirm.
The borrowers in each case entered into separate consumer loan agreements with Southern Discount in December 1981. Both loans contained the following disclosure statement designed to provide for a one-time penalty fee in the event of delinquent payments:
DEFAULT CHARGES: In the event any scheduled installment payment is not paid within five days from the date such payment is due, Lender may charge and collect a late fee of 5% (5 cents for each one dollar) of the monthly payment. Such late charge may be collected only once on any payment regardless of the period during which it remains delinquent.
The borrowers contend that this clause violated TILA and Regulation Z because it failed to disclose the total delinquency charge due in the event of partial payments. The bankruptcy court agreed that the term was ambiguous, relying on Watts v. Key Dodge Sales, Inc., 707 F.2d 847, 852 (5th Cir.1983), and granted summary judgment for the borrowers. The district court affirmed.
Regulation Z requires the creditor to disclose to the borrower “[t]he amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments.” 12 C.F.R. § 226.8(b)(4). Thus, the issue is whether a reasonable borrower understood that the creditor was entitled to impose a 5% delinquency charge on the entire installment amount or only on the unpaid balance of the scheduled payment.
We find the reasoning in Watts, supra, persuasive on this point. The Watts court noted that:
The [debtors] maintain that the delinquency charge provision is ambiguous because a reasonable debtor reading that provision could not determine whether the creditor was entitled to impose a delinquency charge of 5% of the full amount of the installment, or merely 5% *817 of the unpaid balance. The creditor argues that the delinquency provision clearly entitles it to impose a 5% charge solely on that portion of the installment which remains unpaid ten days past the due date. However, a careful reading of the delinquency provision leads us to the conclusion that it allows the creditor to impose a 5% charge on the full amount of any unpaid, or personally paid, installment. At the very least, the provision is ambiguous, thus violating the TILA or Regulation Z.
Watts, 707 F.2d at 852.
The delinquency provision clearly permits the imposition of a 5% late charge on the full amount of the installment payment due, even though only a partial payment is made by the borrower. Nevertheless, Southern Discount perversely maintains that the language authorizes it to levy a penalty only on the balance remaining after a partial payment. Despite the incongruity of the creditor’s argument that it may impose less of a delinquent charge than that allowed by the contract terms, these divergent readings of the provision render the language ambiguous and therefore violative of TILA and Regulation Z.
As held in Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1380 (11th Cir.1984), “[Liability will flow from even minute deviations from requirements of [TILA] and Regulation Z,” Although the borrower suffered no damage and actually benefitted from Southern Discount's interpretation of the delinquency clause, “the statutory civil penalties must be imposed for such a violation regardless of the district court’s belief that no actual damages resulted or that the violation is de minimis,” Zamarippa v. Cy’s Car Sales, Inc., 674 F,2d 877, 879 (11th Cir,1982),
We therefore follow the rationale of Watts v. Key Dodge Sales, Inc,, supra, and hold that the delinquency charge provisions in the disclosure statement are vague and ambiguous, The slight difference between the language at issue in Watts and in this case is inconsequential,
We also disagree with the lender’s assertion that a partial prepayment by a borrower would constitute a “subsequent occurrence” under Regulation Z, 12 C.F.R. § 226.6(g), thereby entitling it to protection from an inaccurate disclosure. As the district court noted in rejecting that argument in the Sampson’s case, “to accept this argument ‘would render § 226.8(b)(4) a nullity, since all delinquency-type charges are contingent upon such post-disclosure acts, namely, the failure to make timely payments.’ This would contravene the purpose of the TILA and its associated regulations.” Record on Appeal at 34 (quoting Meyers v. Clearview Dodge Sales, Inc., 384 F.Supp. 722, 726 (E.D.La.1974)).
For the foregoing reasons, the judgment of the district court is AFFIRMED.